UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VENKANNA KANNA, M.D.,

    Plaintiff,

v.

ERIC SHINSEKI, et al.,

    Defendants.

Case No. 2:11-cv-004
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss by Defendants Saeree Jane-Wit, M.D., and Douglas Moorman (Doc. No. 18), which is hereby **GRANTED** and the Motion to Dismiss by Defendant Eric K. Shinseki, United States Department of Veterans Affairs (Doc. No. 22), which is **HELD IN ABEYANCE** pending further briefing.

### I. BACKGROUND

Plaintiff Venkanna Kanna, M.D., is a former United States Department of Veteran's Affairs ("VA") physician who was removed from VA employment for intentionally failing to provide care to patients. Dr. Kanna sued the VA in this Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, in *Kanna v. Peake*, No. 2:08-cv-242, alleging that he was terminated because of his race and/or national origin, not because of poor performance. That action culminated in a jury trial in which the jury found that the VA was not motivated by Dr. Kanna's race or national origin in terminating his employment. *Kanna v. Peake*, Jury Verdict Form, Doc. No. 94.

Dr. Kanna has now filed a second action. Here, he brings the action against the VA

for judicial review of the removal decision and against the supervisor who proposed his removal, Dr. Saeree Jane-Wit, and the former Director of the Chillicothe, Ohio VA Medical Center, Douglas Moorman, who removed him.

Dr. Jane-Wit and Director Moorman filed a motion to dismiss all claims filed against them, which is ripe for review. The VA filed a motion to dismiss all of the claims filed against it, which is also ripe for review.

## II. STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

## III. INDIVIDUAL DEFENDANTS

Dr. Kanna brings claims against the individual defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a private right

---

[1]Director Moorman also moves for dismissal under Federal Rules of Civil Procedure 12(b)(2), (4), and (5) due to Dr. Kanna's alleged failure to serve him with a summons and complaint. The Court, however, finds that Moorman's request for dismissal under Rule 12(b)(6) is well taken, and therefore, it need not address Moorman's additional arguments for dismissal.

2

of action for damages against a federal employee alleged to have violated a citizen's constitutional rights. These defendants contend that the claims must be dismissed for failure to state a claim upon which relief can be granted because *Bivens* claims do not exist in the federal employment context and, even if they did, here Dr. Kanna's claims are barred by the applicable statute of limitations. Because the Court agrees with the individual defendants' latter proposition, it need not address the former.

With regard to the statute of limitations for *Bivens* actions, Dr. Kanna argues that the Court should utilize the four year limitations period in 28 U.S.C. § 1658(a), which applies to certain civil actions "arising under an Act of Congress," or in the alternative, Ohio Revised Code § 2305.09(B), which applies to "the recovery of personal property." (Doc. No. 20 at 5-6.) Dr. Kanna, however, is mistaken.

As the individual defendants correctly point out, Dr. Kanna's arguments ignore well settled law in this area. On numerous occasions, the Sixth Circuit has held that the two year limitations period for personal injury in Ohio Revised Code § 2305.10 applies to *Bivens* claims in Ohio. *See Friedman v. Estate of Pressner*, 929 F.2d 1151, 1158–59 (6th Cir. 1991) ("Ohio's two year statute of limitations, Ohio Rev. Code Ann. § 2305.10, began to run when A. Friedman knew or should have known of the injury which is the basis of his *Bivens* claim."); *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (same); *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (same); *Ayers v. United States*, 187 F.3d 634, 1999 WL 617965, *1 (6th Cir. 1999) (same); *Visintine v. Hannon-Egner*, 21 Fed. Appx. 266, 267 (6th Cir. 2001) (same); *Halter v. Samuels*, 2:09-CV-909, 2009 U.S. Dist. LEXIS 113231, at *4 (S.D. Ohio Dec. 4, 2009) ("A Bivens claim in Ohio must be instituted within two years of the time the cause of action arose.")

3

The parties agree that the event that triggered the running of the statute of limitations occurred on January 2, 2007.[2] Dr. Kanna filed this action on January 3, 2011. Consequently, Dr. Kanna filed this action well outside of the two year limitations period. Accordingly, the Court **GRANTS** the motion to dismiss filed by Dr. Jane-Wit and Director Moorman.

## IV. INSTITUTIONAL DEFENDANT

The VA moves for dismissal based upon the doctrine of collateral estoppel. Dr. Kanna filed his response in opposition addressing this argument. The standard applicable to collateral estoppel, or issue preclusion, provides that the doctrine applies if:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Smith v. SEC*, 129 F.3d 356, 362 (6th Cir. 1997) (quoting *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987)).

In its reply memorandum, however, the VA also claims that this case is barred by the doctrine of *res judicata*, or claim preclusion, which provides that "[w]hen two successive suits seek recovery for the same injury, 'a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.'" *Harrington v. Vandalia-Butler*, 649 F.2d 434, 437 (6th Cir. 1981) (quoting *Cemer v. Marathon Oil Company*, 583 F.2d 830, 832 (6th Cir. 1978)).

The Court finds that the doctrine of *res judicata* is likely dispositive of the claims brought

---

[2]The defendants claim that this is the very latest date that the limitations period could have possibly began to run.

4

against the VA. The Court, however, shall not address this argument until Dr. Kanna has been permitted the opportunity to oppose it, which he is given two weeks to do.

## V. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** the Motion to Dismiss by Defendants Saeree Jane-Wit, M.D., and Douglas Moorman. (Doc. No. 18.) The Clerk is **DIRECTED** to **REMOVE** this motion from the Court's pending motions list and these two individuals as defendants in this action.

2. The Court **HOLDS IN ABEYANCE** the Motion to Dismiss by Defendant United States Department of Veterans Affairs. (Doc. No. 22.) Dr. Kanna is **ORDERED** to supplement his memorandum in opposition to address the VA's argument related to *res judicata* within two weeks of the date of this Opinion and Order. The Clerk shall leave the Motion to Dismiss by Defendant United States Department of Veterans Affairs, Doc. No. 22, pending on this Court's pending motions list.

**IT IS SO ORDERED.**

4-3-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**