UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VENKANNA KANNA, M.D.,

    Plaintiff,

v.

ERIC SHINSEKI, et al.,

    Defendants.

Case No. 2:11-cv-004
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss by Defendant Eric K. Shinseki, United States Department of Veterans Affairs. (Doc. No. 22.) For the reasons that follow, the Court **GRANTS** the defendant's motion.

### I. BACKGROUND

Plaintiff Venkanna Kanna, M.D., is a former United States Department of Veteran's Affairs ("VA") physician who was removed from VA employment for intentionally failing to provide care to patients. Dr. Kanna sued the VA in this Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, in *Kanna v. Peake*, No. 2:08-cv-242, alleging that he was terminated because of his race and/or national origin, not because of poor performance. That action culminated in a jury trial in which the jury found that the VA was not motivated by Dr. Kanna's race or national origin in terminating his employment. *Kanna v. Peake*, Jury Verdict Form, Doc. No. 94.

Dr. Kanna has now filed a second action. Here, he brings the action against the VA for judicial review of the removal decision and against the supervisor who proposed his removal, Dr. Saeree Jane-Wit, and the former Director of the Chillicothe, Ohio VA Medical Center, Douglas Moorman, who removed him from his employment position.

Dr. Jane-Wit and Director Moorman filed a motion to dismiss all claims filed against them, which this Court granted on April 3, 2012. (Doc. No. 30.) In that Opinion and Order, the Court also considered the VA's motion to dismiss and noted that the VA raised the issue of *res judicata* for the first time in its reply brief. Therefore, the Court found that it necessary to provide Dr. Kanna the opportunity to address the issue of *res judicata*, which he did on April 17, 2012. (Doc. No. 31.) The VA's motion to dismiss is now ripe for review.

## II. STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

The doctrine of *res judicata* provides that "[w]hen two successive suits seek recovery for

2

the same injury, 'a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.'" *Harrington v. Vandalia-Butler*, 649 F.2d 434, 437 (6th Cir. 1981) (quoting *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978)). For a claim to be precluded by the doctrine of *res judicata*, four requirements must be met:

> 1. A final decision on the merits in the first action by a court of competent jurisdiction;
>
> 2. The second action involves the same parties, or their privies, as the first;
>
> 3. The second action raises an issue actually litigated or which should have been litigated in the first action; [and]
>
> 4. An identity of causes of action.

*Sanders Confectionery Products v. Heller Financial*, 973 F.2d 474, 480 (6th Cir. 1992) (citing *King v. South Cent. Bell Tel. & Tel. Co.*, 790 F.2d 524 (6th Cir. 1986)).

Dr. Kanna argues that *res judicata* does not apply here because his "first action sought redress for different injuries. Additionally, overriding public policy favors enforcement of due process, and dismissing this action on *res judicata* grounds would result in manifest injustice to Dr. Kanna personally." (Doc. No. 31 at 2-3.)

### A. Merits of Dr. Kanna's Argument

Dr. Kanna argues:

> The due process claims [currently before the Court and] outlined in 38 U.S.C. § 7461 *et seq.* are separate and distinct from Dr. Kanna's ethnic discrimination claims. Dr. Kanna's first suit sought compensation for personal and professional injuries arising from ethnic discrimination in the work place. The present suit seeks redress for injuries arising from inadequate notice and opportunity to defend the VA's allegations of professional misconduct during the VA's administrative

3

> hearing. Clearly the first lawsuit sought redress for injuries separate and distinct from Dr. Kanna's present claims. Therefore, the resolution of the prior discrimination claims is not *res judicata* in the due process violations alleged here.

(Doc. No. 31 at 3.) Dr. Kanna's arguments are not well taken.

The fact that Dr. Kanna brought "separate and distinct" claims in each of the actions does not prevent the application of *res judicata*. As stated above, *res judicata* "operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Harrington*, 649 F.2d at 437. Thus, the fact that Dr. Kanna raised a due process claim in this action and an ethnic discrimination claim in the first action does not prevent the application of *res judicata*. The appropriate inquiry in this regard is whether the second action raises an issue that was actually litigated or which should have been litigated in the first action and whether there is an identity of claims between the first and second actions. *See Sanders Confectionery Products*, 973 F.2d at 480.

As to the former inquiry, the central purpose of claim preclusion is to prevent the "relitigating of issues that were or could have been raised in [a prior] action." *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981). At the time of the first lawsuit, Dr. Kanna knew that he was allegedly not given adequate notice and opportunity to defend the VA's allegations of professional misconduct during the administrative hearing that led to his termination. In other words, the facts upon which the due process claim is based were known to Dr. Kanna during the first action but he failed to allege his due process claim in that action.

As to the later inquiry, *i.e.*, whether there is an identity of claims between Dr. Kanna's

4

first and second action, the appropriate focus is whether the there is an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionery Prods. v. Heller Fin., Inc.*, 973 F.2d 474, 483-84 (6th Cir. 1992). Here, the Court finds that there is an identity of facts because both suits are based upon the same set of operative facts. *See id.*; *Grover v. Eli Lilly & Co.*, 896 F. Supp. 725, 727 (N.D. Ohio 1995) ("Because Mrs. Grover's claims rely on the same set of operative facts, there exists sufficient identity between the claims to meet the final requirement of *res judicata*."). Dr. Kanna's claims are all based on his treatment, and the alleged illegal actions of his employer and coworkers, at the administrative hearings that resulted in his termination.

Further, Dr. Kanna is confused about the inquiry related to injuries. In both of Dr. Kanna's lawsuits, the injury he suffered is termination from his employment position for poor patient care and the reputational damages that termination caused. In the first lawsuit, he claimed the injury was a result of ethnic discrimination and in this lawsuit he submits that it is the result of due process violations. However, the injury is the same.

Accordingly, the Court concludes that all elements of the *res judicata* analysis are met and it is appropriately applied to the instant action.

## B. Overriding Public Policy and Manifest Injustice

Dr. Kanna argues that even if the elements of *res judicata* are met in this case, the doctrine should not be applied because its application will contravene an overrrideng public policy or result in manifest injustice. (Doc. No. 31 at 3) (citing *Harrington*, 649 F.2d at 439). This Court disagrees.

Dr. Kanna argues that public policy promotes administrative proceedings that are fair.

5

Further, Dr. Kanna asserts that, if left unchallenged, the reasons for which he was terminated are devastating to him professionally and personally and will irreparably damage his medical career and reputation. While Dr. Kanna's assertions may be true, this does nothing to save this action from dismissal. For it was Dr. Kanna himself who left the alleged due process violations unlitigated. Dr. Kanna had the opportunity to bring a due process claim before this Court and failed to do so. Thus, any injustice is at his own hand.

Moreover, the injustice about which Dr. Kanna complains is simply not the type of injustice that the Sixth Circuit has found sufficient to overcome the application of *res judicata*. *See e.g., Harrington*, 649 F.2d at 440-41 (no manifest injustice even when the claim the plaintiff was barred from bringing in the second suit *was not recognized* at any time during the pendency of the first suit) (referring to issuance of *Monell v. Dep't of Social Serv.*, 436 U.S. 658 (1978)).

While the result here seems unfair to Dr. Kanna, the United States Supreme Court explains why this Court is nonetheless bound by this result:

> But we do not see the grave injustice which would be done by the application of accepted principles of *res judicata*. "Simple justice" is achieved when a complex body of law developed over a period of years is evenhandedly applied. The doctrine of *res judicata* serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*." The Court of Appeals' reliance on "public policy" is similarly misplaced. This Court has long recognized that "[public] policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." We have stressed that "[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . . ."

*Federated Dep't Stores*, 452 U.S. at 401 (internal citations omitted).

6

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** the VA's motion to dismiss.  (Doc. No. 22.)

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

5-8-2012
**DATE**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

7